*Hitchcock, C. J.,
delivered the opinion of the court.
From the facts disclosed in the bill of exceptions, it appears that, on the trial of this case, the accused was in court from the commencement of the trial until the close of tho opening argument for the prosecution, at which time the court adjourned for dinner. Upon the adjournment of the court, the sheriff took the prisoner into custody, and committed him to jail, where he remained during the residue of the argument, and until after the verdict had been returned, and the jury discharged. The counsel for the ¡irisoner were present during tho trial of the prisoner, and when tho verdict was returned. On account of the confinement of the accused, as before stated, and his absence from the court, he moved for a new trial, which was overruled; and the question presented for the consideration of this court is, whether, under the circumstances, the accused was entitled to a now trial.
In section 11, of article 8, of the constitution of 1802, it is provided: “ That in all criminal prosecutions, the accused hath a right to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses, face to face,” etc. Now an accused person can not enjoy these privileges, especially the last, unless *28 the first count, on which there is no finding, must be disposed of; and if this can not be done by the entry of not guilty, as above suggested, or by a discontinuance, the verdict must- beset aside.”
This opinion was pronounced on a motion for a new trial, and the conclusion was that Judge McLean permitted the district attorney to enter a nolle prosequi on the first count, and then proceeded to render judgment on the verdict.
It is deemed unnecessary to notice further the points made by plaintiff in error.
The judgment of the common pleas will be reversed, and the cause remanded for further proceedings.